# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JAMES GWYN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-01217 |
| ) | Judge Trauger / Frensley |
| JOSEPH PRESSON ("Mr. Lee") and ) | |
| RICOH AMERICAS CORP., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendants' "Motion for Judgment on the Pleadings, Motion for or Alternatively for [*sic*] a More Definite Statement." Docket No. 6. Specifically, Defendants seek a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), or dismissal of Joseph "Lee" Presson based on insufficiency of process pursuant to Fed. R. Civ. P. 12(b)(5), or in the alternative, pursuant to Fed. R. Civ. P. 12(e), to require Plaintiff to file a more definite statement that complies with the pleading requirements of Fed. R. Civ. P. 8. *Id*. In support of their Motion, Defendants have contemporaneously filed a supporting Memorandum of Law (Docket No. 7) and the Declaration of Joseph "Lee" Presson (Docket No. 6-1). As grounds for their Motion, Defendants contend that Plaintiff's Complaint "fails to comply with the requirements of Fed. R. Civ. P. 8 because it does not state the grounds for jurisdiction, it does not contain a short and plain statement of the claim showing that Plaintiff is entitled to relief and it does not make a specific demand for the relief he seeks." Docket No. 7, p. 1-2. Defendants argue that this action should be dismissed because Plaintiff "fails to allege any facts in his Complaint to support his conclusory assertion that he was 'fired [because he is] a black man. . . .'" *Id*. at 2, *quoting* Docket No. 1-2.

Defendants additionally argue that, to the extent that Plaintiff asserts claims against Defendant Presson, such claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) because Plaintiff failed to properly serve Defendant Presson with process, and pursuant to Fed. R. Civ. P. 12(c) because Defendant Presson cannot be held individually liable under Title VII. *Id.*

Plaintiff has filed a Response to Defendants' Motion, arguing that both Defendants were properly served, and asking that this Court "hold the Defendants accountable," or, in the alternative, set a trial date "so that Mr. Presson can explain to a jury why he wrongfully fired the Plaintiff." Docket No. 14.

Plaintiff, pro se, originally filed this action in the Metropolitan General Sessions Court of Davidson County, Tennessee. *See* Docket No. 1. Because Plaintiff alleges wrongful termination on account of race, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, Defendants timely removed the action to this Court. *Id.*[1]

Plaintiff filed his Amended Complaint on October, 27, 2017, alleging as follows:

> On July 27th, I was approached by Robert, at the temp job I was working. While wrapping a pallet of boxes, Robert came over to me and said that he needed to speak to me and the other guys. I said to him that I wasn't sure if I should stop working and asked him to go get my supervisor. He got upset and yelled at me and went and told my supervisor that I refused to listen to him, and that I he [*sic*] felt as though I disrespected him. My suprevisor [*sic*] DeWayne called us in his office at [*sic*] asked me was there a problem. I said no, and that all I ask [*sic*] Robert to do was to go get you or Mike, because I wanted to be sure that it was OK to stop working to listen to what he had to say. And that's when he got upset with me, after I said that the manager Lee said to me that I better do what Robert say do or I could hit the door or leave, (while pointing his finger in my face). I

---

[1] Plaintiff timely filed his EEOC Charge of Discrimination and received his Dismissal and Notice of Rights. *See* Docket No. 1-4.

said to him that I have no problem with any one, but how can you say that to me while pointing your finger in my face and disrespecting me like that. You say don't disrespect Robert but you just disrespected me. After I said that, he yelled at me and said your [sic] (fired) give me your badge. Robert was a white employee and I believe that if he had not been (white) Lee the manager would not have acted the way he did towards me. He didn't say anything to Robert when he yelled at me, nor did he tell Robert that he had to respect me also, because he is a white full time employee. When I asked (Lee) to not disrespect me by pointing his finer in my face, that's when he (fired) me. I believe that I was treated wrong and discriminated because of my race and I also felt intimidated by his actions while yelling at my with his finger pointing in my face, and also because I was a temp worker and he was able to use his position to discriminate and intimated me. Because of my race his actions where [sic] totally racist and unjust. <u>He had no reason to</u> (fire) me. Other then [sic] the fact I'm black. And he knew no one would hold him accountable for his negative actions towards me.

I was wrongfully fired by Mr. Joseph Pressen AKN [sic] as Mr (Lee) manager employed by Ricoh America's Corp.

Docket No. 10-1.

As an initial matter, Title VII of the Civil Rights Act of 1964 ("Title VII") protects employees from discrimination on the basis of an individual's race, color, religion, sex, or national origin, and provides, in part:

> It shall be an unlawful employment practice for an employer--
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or

3

national origin.

42 U.S.C. § 2000e-2.

Federal courts do not have jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge. *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998) (*citing Ang v. Procter & Gamble Co.,* 932 F.2d 540, 544-45 (6th Cir. 1991)). Thus, as a prerequisite to bringing a Title VII discrimination claim in federal court, a claimant is required to file a charge of discrimination or retaliation with the EEOC and is precluded from seeking judicial review until the Commission has made a final disposition of his claim. 42 U.S.C. § 2000e-5. *See also, United Air Lines, Inc. v. Evans*, 431 U.S. 553, 554, 97 S. Ct. 1885, 1887, 52 L. Ed. 2d 571 (1977). As has been noted, Plaintiff in the case at bar timely filed his EEOC Charge of Discrimination and received his Dismissal and Notice of Rights; thus, this Court has jurisdiction over his claim. *See* Docket No. 1-4.

In order to establish a prima facie case of discrimination in violation of Title VII, Plaintiff must prove that,

    1) he is a member of a protected class;

    2) he was qualified for his job and performed it satisfactorily;

    3) despite his qualifications and performance, he suffered an adverse employment action;[2] and

---

[2] An adverse employment action is one that causes a materially adverse change in a term of employment, such as significantly diminished responsibilities, termination, a demotion evidenced by a decrease in wage or salary, a less distinguished title, or a material loss of benefits. *See Kocsis v. Multi-Care Mgmt.*, 97 F.3d 876, 885-86 (6th Cir. 1996).

4

> 4) that he was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside his protected class.

*Johnson v. University of Cincinnati*, 215 F.3d 561, 572-73 (6th Cir. 2000) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). (Footnote added.) Taking the allegations of Plaintiff's Amended Complaint as true, Plaintiff has failed to allege, much less demonstrate, the second, third, and fourth requisite elements. There is simply no interpretation of the allegations of Plaintiff's Amended Complaint that would permit his recovery for wrongful termination or employment discrimination. Moreover, Title VII prohibits *employer* discrimination; it does not permit the imposition of liability against individual employees. 42 U.S.C. § 2000e-2; *see also*, *Akers v. Alvey*, 338 F.3d 491, 500 (6th Cir. 2003). Accordingly, Defendants' Motion for Judgment on the Pleadings should be GRANTED, and this action should be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge