IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES GWYN, ) | |
| ) | |
| Plaintiff ) | |
| v. ) | NO. 3:17-cv-01217 |
| ) | JUDGE TRAUGER |
| JOSEPH PRESSON ("Mr. Lee") and ) | |
| RICOH AMERICAS CORP., ) | |
| ) | |
| Defendants ) | |

**ORDER**

Pending before the court is Plaintiff's Motion for Favor and Reward (Docket No. 9), to which Defendants have filed a Response (Docket No. 12). Although this Motion asks the court to find in favor of Plaintiff and against Defendants, Plaintiff is actually adding information and prayers for relief to his Complaint. To the extent this document is a Motion, it is DENIED, but the court has considered its allegations as part of Plaintiff's Complaint.

Also pending before the court are a Report and Recommendation of the Magistrate Judge (Docket No. 17), Objections filed by Plaintiff (Docket No. 18), and a Response to those Objections filed by Defendants (Docket No. 19). When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.*

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the court has reviewed *de novo* the Report and Recommendation, the Objections, the Response, and the

file. For the reasons that follow, the Objections of the Plaintiff are overruled, and the Report and Recommendation is adopted and approved.

Plaintiff's Complaint, as amended, alleges that he was working in a "temp" job for Defendant Ricoh Americas Corp.[1] when his manager, "Mr. Lee,"[2] disrespected Plaintiff, got upset with Plaintiff, pointed his finger in Plaintiff's face, and fired Plaintiff, all because of Plaintiff's race. As noted by the Magistrate Judge, to establish a claim for racial discrimination under Title VII (42 U.S.C. § 2000e-2), a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for his job and performed it satisfactorily; (3) despite his qualifications and performance, he suffered an adverse employment action; and (4) he was replaced by a person outside the protected class or treated less favorably than a similarly-situated individual outside the protected class. *See Vincent v. Brewer Co.*, 514 F.3d 489, 494 (6th Cir. 2007).

The Magistrate Judge found that Plaintiff failed to demonstrate the second, third and fourth elements of his claim. In response, Plaintiff has not specifically objected to a particular part of the Magistrate Judge's opinion, but, rather he objects to the Magistrate Judge's conclusion. In his Objections, Plaintiff has simply stated, in a conclusory fashion, that he was qualified for the job and performed it satisfactorily; that another employee (Robert), who is white, was not treated the same as Plaintiff; and that he suffered an adverse employment action by being fired.[3]

---

[1] Defendants assert that the proper name of the corporation is Richo USA, Inc.

[2] Defendants also assert that the individual Defendant's proper name is Joseph Lee Presson.

[3] The court notes that Plaintiff has established that he suffered an adverse employment action, in that he was fired.

In addition to the lack of factual support for his sparse allegations, as found by the Magistrate Judge, the court notes that Plaintiff has failed to show that Robert was "similarly-situated" to Plaintiff, as required to demonstrate the fourth element of a race discrimination claim. Plaintiff's "Addendum" to the Complaint identifies Robert as a *full-time* employee, not a "temp." Docket No. 10-1 at 3. Plaintiff has alleged nothing about Robert's job requirements, length of service or qualifications to show that he was similarly-situated.

Plaintiff has failed to sufficiently allege the required elements for a Title VII race discrimination claim.[4] Accordingly, the Report and Recommendation is approved, Defendants' Motion for Judgment on the Pleadings (Docket No. 6) is **GRANTED**, and this action is **DISMISSED**.

This Order shall constitute the judgment in this case pursuant to Fed. R. Civ. P. 58.

IT IS SO ORDERED.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff has not responded to the Magistrate Judge's recommendation that the individual Defendant, Mr. Presson, must be dismissed because the law does not permit liability against individuals under Title VII. Title VII does not provide a cause of action against individuals. *Akers v. Alvey*, 338 F.3d 491, 500 (6th Cir. 2003).